UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY PAUL PHILLIPS,

    Movant,

v.                                             Case No. 2:03-cr-22
                                           HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Movant Gary Paul Phillips filed this motion to vacate, set aside or correct a federal sentence pursuant to 28 U.S.C. § 2255. Movant was convicted pursuant to a guilty plea of aggravated sexual abuse by force on December 9, 2003, and was sentenced to 136 months imprisonment, 5 years supervised release, $7,800.00 in fines, and a $100.00 special assessment.

Movant maintains that his conviction was obtained in violation of his federal rights. The instant petition sets forth two claims, both of which assert ineffective assistance of counsel. Respondent has filed a response and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

The undersigned notes that a § 2255 petitioner may validly waive his or her right to collaterally attack his sentence in his plea agreement, as long as the waiver is knowingly, intelligently, and voluntarily made. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *Skaggs v. United States*, 104 Fed. Appx. 462, 464 (6th Cir. 2004). In this case, Movant waived his

right to challenge his sentence and the manner in which it was determined in any collateral attack, including a motion brought pursuant to 28 U.S.C. § 2255 during his plea hearing. (*See* Transcript of Plea Hearing (Plea Tr.), p. 11, docket #21.)  During the plea hearing, Movant expressed his knowledge and understanding of the contents of the plea agreement:

> THE COURT: I have the original of that plea agreement here. Including the signature page, it's six pages in length. Is that your signature on the sixth page?
>
> DEFENDANT PHILLIPS: Yes, sir.
>
> THE COURT: Have you had an adequate opportunity to read and review the entire plea agreement with your attorney?
>
> DEFENDANT PHILLIPS: Yes, sir.
>
> THE COURT: At this time, Ms. Hagen, I'd ask you to place on the record those pertinent portions of the plea agreement.
>
> MS. HAGEN: Thank you, Your Honor.
>
> The defendant agrees to plead guilty to Count 2 of the indictment charging aggravated sexual abuse by force contrary to 18 U.S.C. Section 2241(a)(1). The defendant agrees to register as a sex offender prior to the time of sentencing.
>
> THE COURT: Ms. Hagen, is that something he can do while incarcerated?
>
> MS. HAGEN: I believe that they can facilitate that.
>
> THE COURT: All right, thank you.
>
> MS. HAGEN: In exchange for the defendant's plea of guilty to Count 2, the United States Attorney's Office agrees to move to dismiss Counts 1 and 3 of the indictment against the defendant at the time of sentencing. Also, the U.S. Attorney's Office will not oppose defendant's request for a reduction of his offense level for acceptance of responsibility, and the government agrees not to charge the defendant with any other crimes for conduct involving this particular victim, P. D., for events occurring on September 10th and 11th, 2003.

>    The defendant also waives the right to challenge his sentence and the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. Section 2255.
>
>    THE COURT:  Thank you.
>
>    Mr. Numinen, are there other portions of the plea agreement you wish to place on the record?
>
>    MR. NUMINEN:  No, Your Honor.
>
>    THE COURT:  Mr. Phillips, other than what's contained in this written agreement, have there been any other promises made to you?
>
>    DEFENDANT PHILLIPS:  No, sir.
>
>    THE COURT:  You've read the entire agreement?
>
>    DEFENDANT PHILLIPS:  Yes, sir.
>
>    THE COURT:  And you agree with all aspects of it?
>
>    DEFENDANT PHILLIPS:  Yes, sir.

(Plea Tr., pp. 9-11.)

Upon reviewing the above proceeding, it is clear that Movant was given ample opportunity to review the plea agreement and to express any confusion regarding the agreement. Therefore, because Movant has knowingly waived his right to pursue a § 2255 motion, the instant motion is properly dismissed.

In addition, if Movant should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Movant in this motion to vacate, set aside or correct sentence. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Movant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d 466. Consequently, the undersigned has examined each of Movant's claims under the *Slack* standard.

The undersigned recommends that the court deny Movant's application on the grounds that Movant waived his right to file a § 2255 action. Under *Slack*, 529 U.S. at 484, when a § 2255 motion is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that Movant knowingly and voluntarily waived his right to challenge his conviction and sentence pursuant to a § 2255 action. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Movant should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Movant a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                /s/ Timothy P. Greeley
                                               TIMOTHY P. GREELEY
                                               UNITED STATES MAGISTRATE JUDGE

Dated:   September 16, 2005